NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Matter of:

KING SIUFAGA FANENE, *Petitioner/Appellee*,

*v.*

EVA MARIE VELASQUEZ, *Respondent/Appellant*.

No. 1 CA-CV 25-0972 FC
FILED 8-11-2026

Appeal from the Superior Court in Maricopa County
No. FN2024-001499
The Honorable Laura Johnson Giaquinto, Judge

**VACATED AND REMANDED**

COUNSEL

Bellah Law PLLC, Glendale
By Shasta Nolte
*Counsel for Petitioner/Appellee*

Genesis Legal Group, Gilbert
By Debora Levine
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge D. Andrew Gaona joined.

---

**P E R K I N S**, Judge:

¶1 Eva Velasquez ("Wife") appeals the superior court's dissolution decree. For the following reasons, we vacate the decree's division of community property, denial of spousal maintenance, and denial of attorney fees. We remand for proceedings consistent with this decision.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Wife and King Fanene ("Husband") were in a long-term relationship before marrying in July 2021. The couple had no children, but Wife had adult children from a prior relationship that lived with the couple.

¶3 Shortly before the marriage, Husband sold his separate property in Buckeye. Six months after the couple married, Husband used those funds to purchase the marital residence. Wife disclaimed any interest in the marital residence.

¶4 Husband petitioned for dissolution in April 2024. In August 2024, the parties entered into a temporary agreement, under which Wife would pay for any damage caused to the home from August 2024 onward. At trial in August 2025, Husband testified that he worked for PepsiCo and made a base salary of about $60,000 per year, but because he worked substantial overtime to support Wife and her children, his income in 2023 was about $76,000. Wife requested spousal maintenance, arguing she could not meet her reasonable needs without it. She testified that she worked as a contract paraprofessional during the school year to provide services to special needs students and made about $24,500 per year.

¶5 Husband testified that Wife and her adult children caused considerable damage to the marital residence by allowing dogs inside the home in violation of the parties' temporary agreement. He also submitted evidence that Wife opened several credit cards in his name and without his knowledge or consent, resulting in around $10,000 of credit card debt. He testified that he took out a loan on his PepsiCo retirement account during the dissolution litigation for around $9,000, which he used for the benefit of

the community, and that the loan exceeded the community's contributions to the retirement account. Wife testified that she used the credit cards for purchases like food, bills, gym memberships, and poison control. The parties also testified to a promissory note they signed during the marriage. Husband loaned Wife $2,100 to repair her 2001 Honda Accord, using the car as collateral. Wife testified that she had paid Husband back $800.

¶6            After the dissolution hearing, the court denied Wife's request for spousal maintenance, finding her ineligible under any of the statutory grounds. The court also found that "this case does present a unique set of facts or circumstances. Therefore, an equal division of community property is inappropriate to achieve equity." The court awarded the marital residence to Husband as his sole and separate property. The court found that the damage to the separate property home exceeded Wife's half of the community's lien on the home (the "*Drahos* lien"), and thus awarded Husband the *Drahos* lien without offset. *See Drahos v. Rens*, 149 Ariz. 248, 249–50 (App. 1985) (the community is entitled to an equitable lien on one spouse's separate property when the community contributed capital to that property). The court also awarded Husband 100% of his retirement accounts and 100% of the parties' joint bank accounts.

¶7            The court awarded Wife her 2001 Honda Accord, a bank account with a balance of $103.38, an Arizona State Retirement System ("ASRS") retirement account, and her personal property. The court also ordered Wife to pay the credit card debt because she fraudulently opened the accounts, and ordered her to pay Husband back the $1,300 remaining on the promissory note. The court found no substantial financial disparity between the parties and declined to award attorney fees. Wife now appeals, and we have jurisdiction. A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶8            Wife contends that the superior court abused its discretion by (1) finding her ineligible for spousal maintenance; (2) inequitably dividing the community; and (3) finding there was no substantial financial disparity between her and Husband.

### I.      We cannot determine whether the court applied the correct test in denying Wife's request for spousal maintenance.

¶9            Wife first argues the superior court erred by finding her ineligible for spousal maintenance. We will affirm the court's denial of spousal maintenance if reasonable evidence supports it. *In re Marriage of Cotter and Podhorez*, 245 Ariz. 82, 85, ¶ 6 (App. 2018). But "when an issue

presents a mixed question of fact and law, we will accept the [superior] court's findings of fact unless clearly erroneous and draw our own legal conclusions based on those facts." *Id.* (cleaned up).

**¶10**         When deciding whether to grant an award of spousal maintenance, a superior court must first consider whether the spouse seeking maintenance is eligible under one of five grounds in Section 25-319(A). The court need only find the requesting spouse meets one of the grounds to be eligible for maintenance. *See* A.R.S. § 25-319(A); *see also Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 17 (App. 1998).

**¶11**         The spouse's eligibility is based solely on that spouse's circumstances. *Cotter*, 245 Ariz. at 85, ¶ 7. Only if the court finds the requesting spouse eligible may it then consider, among other things, the circumstances of both spouses to determine whether it should award maintenance and, if so, how much. *See id.*; *see also* A.R.S. § 25-319(B).

**¶12**         The court found Wife ineligible under all five grounds, but Wife challenges only the court's ineligibility finding on the first ground: that Wife "lacked sufficient property, including property apportioned to [her], to provide for [her] reasonable needs." A.R.S. § 25-319(A)(1). She argues that no reasonable evidence existed in the record to support that finding.

**¶13**         The test for eligibility based on insufficient property is a low bar. For example, a requesting spouse may be ineligible for maintenance under Section 25-319(A)(2) because she earns enough income to be self-sufficient, yet still be eligible under Section 25-319(A)(1) because she lacks sufficient property. *See Cotter*, 245 Ariz. at 86, ¶ 10. But the spousal maintenance determination does not end with eligibility. Even if a requesting spouse is eligible for maintenance under Section 25-319(A)(1), the superior court still has substantial discretion under Section 25-319(B) in determining whether to award maintenance at all, and, if so, in what amount. The court may consider many factors, including the circumstances of the paying spouse, as well as all other sources of income or potential income available to the requesting spouse. A.R.S. § 25-319(B).

**¶14**         In *Cotter*, a wife seeking maintenance was awarded $36,000 in cash and marital assets. 245 Ariz. at 86–87, ¶ 11. The superior court made no express finding whether, under Section 25-319(A), such property was sufficient to meet her reasonable needs, the value of the property she had been awarded, or how long that property could sustain her. *Id.* at 87, ¶ 12. Although we recognized that the superior court did not have to make such

findings on the record, we could not determine whether the court applied the proper test for sufficiency under the statute. *Id.* We therefore remanded the matter to the superior court to determine whether the wife's property "could provide for her reasonable needs without being exhausted." *Id.* We said that a spouse has "sufficient" property under Section 25-319(A)(1) if the property, "standing alone" and "without supplement," "can provide for [the] spouse's reasonable needs during his or her lifetime." *Id.* at 86–87, ¶¶ 8, 10. The superior court could not consider the wife's ability to earn through labor in evaluating whether her awarded property could support her. *See id.* at 87, ¶¶ 10–11. The court had to evaluate the sufficiency of that property alone when making the threshold determination of eligibility.

¶15 As in *Cotter*, the court here did not expressly find that Wife had been awarded property sufficient to provide for her reasonable needs during her life without supplement. And, also as in *Cotter*, because neither party asked the court to make findings of fact or conclusions of law, it was not required to do so. *Higgins v. Higgins*, 154 Ariz. 87, 88 (App. 1987); *see also* Ariz. R. Fam. Law P. 82(a)(1) (court must make express findings of fact and conclusions of law "[i]f requested before trial"). But when such findings and conclusions are not required, the record on appeal must still contain reasonable evidence to support the court's ineligibility findings under Section 25-319(A). *See Cotter*, 245 Ariz. at 87, ¶ 12.

¶16 The court did not state what evidence it relied on to find Wife ineligible under Section 25-319(A)(1), but the record shows that Wife's property consists of her personal property, her 2001 Honda Accord, and a bank account with a balance of $103. Wife's monthly expenses, as reflected in her testimony and affidavits of financial information, are roughly $4,600. Husband did not substantially dispute this evidence. Although it seems unlikely that the identified property awarded to Wife "standing alone" and "without supplement" would be "capable of independently providing for [Wife's] reasonable needs during . . . her life," we cannot make that factual determination in the first instance on appeal. *See Cotter*, 245 Ariz. at 86–87, ¶¶ 11, 12 (we remand to the superior court if the record lacks reasonable evidence to support finding of ineligibility under Section 25-319(A)). We therefore vacate the court's eligibility conclusion and remand for the superior court to make a determination under Section 25-319(A)(1) consistent with *Cotter* and this decision.

## II. The court erred in awarding a substantially unequal division of property without identifying a "sound reason."

**¶17** Wife asserts the court erred by (1) summarily concluding that an unequal division was justified without explanation; and (2) finding that this was a rare case in which an equal division would be inequitable. We agree.

**¶18** "We review the [superior] court's division of property for an abuse of discretion." *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000). A court abuses its discretion when: (1) the record lacks competent evidence to support its decision, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009), or (2) "it misapplies the law or predicates its decision on incorrect legal principles," *Hammett v. Hammett*, 247 Ariz. 556, 559, ¶ 13 (App. 2019) (cleaned up). We construe the evidence in the light most favorable to affirming the division and we will not reweigh the evidence. *See Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009).

**¶19** A superior court must divide community property equitably. A.R.S. § 25-318(A). Generally, community property "should be divided substantially equally unless sound reason exists to divide the property otherwise." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). In "rare exceptions," the court may order a "substantially unequal division of property" to reach equity. *In re Marriage of Flower*, 223 Ariz. 531, 539, ¶ 35 (App. 2010).

**¶20** The court here found only that the "facts and circumstances" of this case merited an unequal division of property. The court then awarded Husband almost all the community's assets, including the joint bank accounts, Wife's half of the *Drahos* lien, and any interest the community had in Husband's retirement accounts. Based on the record, it appears Wife received only three assets: her personal property, a bank account with a balance of $103, and her nearly 25-year-old vehicle. Though the court also awarded Wife an ASRS retirement account, there is no evidence of this account in the record. Wife is not currently a state employee. Wife testified that she does not have any retirement or investment accounts. And Husband introduced no evidence of the account's existence.

**¶21** Beyond the unequal division of the community's assets, Wife was also ordered to pay almost all the community debts, such as the estimated $10,000 of credit card debt. The court awarded this debt against Wife because she opened the cards in Husband's name without his knowledge or consent. The court did not consider whether the charges

constituted waste. This was an impermissible consideration of marital misconduct.

**¶22** "The spouses have equal management, control and disposition rights over their community property and have equal power to bind the community." A.R.S. § 25-214(B). "[A]ll debt incurred by either spouse during marriage is presumed a community obligation." *Flower*, 223 Ariz. at 535, ¶ 12 (cleaned up).

**¶23** The superior court must divide property without regard to marital misconduct. A.R.S. § 25-318(A). But the court may consider marital waste that devalues the community, such as "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition" of community assets. A.R.S. § 25-318(C); *see also Meister v. Meister*, 252 Ariz. 391, 399, ¶ 26 (App. 2021).

**¶24** Husband argues that Wife's actions are definitionally a "fraudulent disposition" of property, but criminal fraud is not waste if the debt benefitted the community. *See* A.R.S. § 25-318(C). Even if one spouse commits criminal fraud, the community is still liable for the debt if it benefitted from the fraud. *Cadwell v. Cadwell*, 126 Ariz. 460, 463 (App. 1980). *See also Brucklier v. Brucklier*, 253 Ariz. 579, 585, ¶ 27 (App. 2022) (one spouse's knowledge and consent to a debt are "irrelevant").

**¶25** Husband does not dispute Wife incurred the debt during the marriage, meaning it is presumed to be a community debt. The court did not make a finding that Wife committed waste. It instead allocated the credit card debt to Wife based only on her misbehavior. This was an abuse of discretion.

**¶26** Though the court was not required to make findings, *see Higgins*, 154 Ariz. at 88, we cannot determine from this record that a "sound reason" existed to justify such a substantially unequal division.

**¶27** Nor can we determine whether the court correctly held the promissory note against Wife. The court did not consider whether Wife's car was community or separate property or whether the loan was made from Husband's separate funds or community funds, and it is unclear from the record. *See In re Marriage of Berger*, 140 Ariz. 156, 166 (App. 1983) (loans made from one spouse's separate funds to benefit the other spouse's separate property are enforceable upon dissolution); *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 12 (App. 2010) ("When the community contributes capital to separate property, it acquires an equitable lien against that property.").

**¶28** We therefore vacate the decree and remand for the court to re-divide the community between Husband and Wife.

**¶29** To aid the court's review on remand, we also address the offset of the *Drahos* lien. The court awarded Wife's half of the *Drahos* lien to Husband because it found that Wife, her children, and her dogs caused damage to Husband's property that exceeded her interest in the home. Wife argues this was an impermissible money judgment. Indeed, the superior court does not have jurisdiction to award money damages in a divorce decree for damage to a spouse's separate property. *Weaver v. Weaver*, 131 Ariz. 586, 587 (1982). Thus, the court may lack jurisdiction to award Husband the offset based on Wife's fault.

**¶30** But the court does have jurisdiction to enforce a valid agreement under Arizona Rule of Family Law Procedure ("Rule") 69. Before trial, the parties entered into a temporary Rule 69 agreement in which Wife agreed to pay for any damage to Husband's home caused from the date of the agreement onward. The court had jurisdiction to hold Wife to her agreement in the decree without running afoul of *Weaver*. But the court attributed the damage to Wife because she was at fault, not because she agreed to pay it.

**¶31** On remand, the court should consider the existence of the agreement and its scope before offsetting the *Drahos* lien. The court should also consider whether the credit card charges benefitted the community, as well as the character of the promissory note and Wife's car. We need not address Wife's remaining arguments regarding the division of Husband's retirement account and the parties' joint banking accounts, and express no position on how those assets should be divided.

### III. On remand, the court should reconsider attorney fees under Section 25-324.

**¶32** Under Section 25-324, the court may order one spouse to pay the other spouse's attorney fees after considering the reasonableness of the parties' positions and the financial positions of each spouse. A.R.S. § 25-324(A). We review a court's attorney fee award under Section 25-324 for abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019).

**¶33** The court denied Wife's request for attorney fees because it found there was no financial disparity between the parties. But the record shows that Husband made three times Wife's income. And the court had

awarded Husband almost all the marital assets while allocating to Wife most of the community debt.

¶34 Though it is unclear why the court found no substantial financial disparity existed, it appears from the record the court may have considered Husband's testimony that Wife worked as a legal paraprofessional with the potential to earn $60,000 a year, and balanced Wife's estimated earning capacity in that role against Husband's base salary of roughly $60,000 a year. This was factually incorrect. Wife does not work as a legal paraprofessional; she works during the school year as a contract paraprofessional providing services to special needs students. To the extent the court relied on Husband's estimation that Wife could earn up to $60,000 a year as a legal paraprofessional, or considered the non-existent ASRS account, that reliance was error.

¶35 Because we are remanding for the court to equitably divide the community, we also remand for the court to reconsider attorney fees under Section 25-324. We express no position on whether Wife should be awarded her fees. On remand, the court should consider Wife's salary as a paraprofessional working in special education, Husband's salary at PepsiCo, and any new divisions of property consistent with this decision to determine whether a substantial financial disparity exists between Husband and Wife.

¶36 As the successful party, we award Wife her taxable costs upon her compliance with ARCAP 21. A.R.S. § 12-341.

## CONCLUSION

¶37 We vacate and remand for the court to determine (1) if Wife possesses sufficient property to meet her reasonable needs under the proper legal test; (2) to equitably divide the community; and (3) to reconsider attorney fees under Section 25-324 in light of the above.

